IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEDRICK WILLIAMS, | ) |
| Plaintiff, | ) ) ) ) |
| -vs- | ) ) Case No. CIV-20-958-F ) |
| VIRTUE SITE SERVICES LLC, a Nevada Limited Liability Company, R. INVESTMENTS, RLLP, and 6600 NW 16TH STREET PARTNERS, LLC DBA R. INVESTMENTS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

# ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

According to the notice of removal, the court has subject-matter jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). Doc. no. 1, ¶ 8. Section 1332 provides that the court shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. §§ 1332(a)(1). Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The notice of removal alleges that the defendant, Virtue Site Services, LLC, and defendant, 6600 NW 16th Street Partners, LLC, are limited liability companies "none of whose members are citizens of Oklahoma." Doc. no. 1, ¶¶ 12, and 14. The citizenship of a limited liability company is determined by the citizenship of all of

its members.  *See*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, f/k/a TRZ Energy, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018).

In addition, the notice of removal alleges that defendant, R. Investments, RLLP, is a limited liability partnership "none of whose partners are citizens of Oklahoma."  Doc. no. 1, ¶ 13.  The citizenship of a limited liability partnership is determined by the citizenship of all of its partners.  *See*, Mudge Rose Guthrie Alexander & Ferdon v. Pickett, 11 F. Supp. 2d 449, 452 (S.D.N.Y. 1998); Reisman v. KPMG Peat Marwick LLP, 965 F. Supp. 165, 176 (D. Mass. 1997); EQT Production Co. v. Vorys, Sater, Seymour and Pease, LLP, Case No. 6:15-CV-146-REW-EBA, 2018 WL 6790486, at *2 (E.D. Ky. Dec. 26, 2018); *see also*, Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905-908 (10th Cir. 2015) (citizenship of limited partnership, including a master limited partnership, consists of its partners' citizenship).

"Diversity must be alleged with detail and certainty."  Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (citation omitted).  Therefore, the notice of removal must identify each defendant limited liability company's members and the state of citizenship for each of those members.  It must also allege each of defendant limited liability partnership's partners and the state of citizenship for each of those partners.[1]  Alleging that the members and partners are not citizens of Oklahoma is

---

[1] If a member or partner of defendant is an individual, defendants must identify the individual's state of citizenship as opposed to the individual's state of residence.  Residence is not the equivalent of citizenship.  State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966).  For any number of reasons, an individual can "reside" in one place but be domiciled in another place.  For adults, domicile is established by physical presence in a place, coupled with an intent to remain there.  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  A natural person is a citizen of the state in which he or she is domiciled.  Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).  If a
*(continued)*

not sufficient. *Id.* (merely averring that a party is a citizen of a state other than the State of New York is clearly insufficient to establish diversity jurisdiction).

Accordingly, the court **DIRECTS** defendants, R. Investments, RLLP, and 6600 NW 16th Street Partners, LLC, the parties invoking diversity jurisdiction, to file an amended notice of removal which supplies the missing jurisdictional information regarding the members or partners of defendants.[2] Said amended notice of removal shall be filed no later than fourteen days from the date of this order. Failure to comply may result in the remand of this action to state court.

IT IS SO ORDERED this 25th day of September, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0958p001.docx

---

member or partner of defendant is a business entity, then defendants must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2020). Defendants must trace the citizenship of a member or partner through "however many layers []there may be." *See*, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011). Defendants may provide the jurisdictional information based upon information and belief.

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.