# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEDRICK WILLIAMS, )<br>)<br>  Plaintiff, )<br>)<br>-vs- )<br>)<br>VIRTUE SITE SERVICES, LLC, a )<br>Nevada Limited Liability Company, )<br>R. INVESTMENTS, RLLP and 6600 )<br>NW 16th STREET PARTNERS LLC )<br>DBA R. INVESTMENTS, )<br>)<br>  Defendants. ) | Case No. CIV-20-958-F |

## ORDER

Before the court is Plaintiff's Amended Objection to Defendant's Amended Notice of Removal, which the court has construed as a Motion for Remand. Doc. nos. 10 and 11. Defendants R. Investments, RLLP and 6600 NW 16th Street Partners, LLC have responded to the motion and the time for reply has expired. Upon due consideration, the court finds that the motion should be denied.

I.

This civil action was originally commenced by plaintiff Sedrick Williams in the District Court for Oklahoma County, State of Oklahoma. On September 23, 2020, defendants R. Investments, RLLP and 6600 NW 16th Street Partners, LLC removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). In the notice of removal, defendants alleged that consent to removal was not required by defendant Virtue Site Services LLC ("Virtue"), an entity which had not yet appeared in the action, because there was no evidence or an independent

basis to believe that Virtue had been properly served with process. After reviewing defendants' notice of removal, the court entered an order directing defendants to file an amended notice of removal supplying the missing jurisdictional information regarding the members or partners of defendants, including the members of Virtue. Defendants complied with the court's order.[1] In the amended notice of removal, defendants again alleged that consent to removal by Virtue was not required because evidence recently presented to defendants by plaintiff revealed that Virtue had not been properly served with process.

In his motion, plaintiff moves to remand the action to state court, arguing that Virtue was properly served with process on August 27, 2020, and therefore, Virtue's consent to removal was required under 28 U.S.C. § 1446(b)(2)(A). Plaintiff asserts that he served Virtue's registered agent, Incorp. Services, Inc., in Las Vegas, Nevada, via a commercial courier service, United Parcel Service ("UPS"), pursuant to 12 O.S. § 2004.3. He states that he paid $7.35 for the required signature service option and the electronic receipt shows that a signature was obtained and is on file with UPS. Plaintiff claims that under 12 O.S. § 2004.3(E), the signature obtained from a person at the registered agent's office is presumed to have been the signature of an employee authorized to receive certified mail. Defendants counter that the service attempted upon the registered agent was improper. Defendants argue that plaintiff has failed to show that someone–authorized to accept service of process on behalf of Virtue–did in fact accept service. According to defendants, plaintiff cannot

---

[1] Defendants' allegations in the amended notice of removal establish diversity jurisdiction. Specifically, defendants allege "[u]pon information and belief, Plaintiff is a citizen of Oklahoma," "Defendant R. Investments, RLLP is a Colorado Limited Liability Partnership, whose partners, William T. Steffens and Jessica Perrin, are citizens of Colorado," "Defendant 6600 NW 16th Street Partners, LLC is a Colorado Limited Liability Company, whose members, William T. Steffens and Jessica Perrin, are citizens of Colorado," "Virtue has one sole member, Rebecca Virtue, who is a Citizen of Colorado," and "Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs." Doc. no. 7, ¶¶ 16, 18, 20, 21 and 22.

rely upon the presumption in § 2004.3(E) because it does not apply when process is mailed to a registered agent, as opposed to a party.

II.

Section 1446(b)(2)(A) of Title 28 of the United States Code provides:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(2)(A).

"[T]he clear statutory language requir[es] only *served* defendants to consent to removal." Sheldon v. Khanal, 502 Fed. Appx. 765, 770 (10th Cir. 2012) (unpublished decision quoted as persuasive pursuant to 10th Cir. R. 32.1(A)).

Section 2004.3(A) of Title 12 of the Oklahoma Statutes provides in pertinent part:

> In lieu of mailing a copy of process . . . by certified mail, return receipt requested and delivery restricted to the addressee as required or allowed by this title, a party or attorney may send the same by commercial courier service . . . to the party addressed, in each instance evidenced by a written or electronic receipt signed by the addressee showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery . . . .

12 O.S. § 2004.3(A).

Additionally, section 2004.3(E) of Title 12 of the Oklahoma Statutes provides:

> In case of an entity described in division 3 of subparagraph c of paragraph 1 of subsection C of Section 2004 of this title, acceptance by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance by the party addressed. A return receipt signed at such registered office or principal place

> of business shall be presumed to have been signed by an employee authorized to receive certified mail.

12 O.S. § 2004.3(E).

An "entity described in division 3 of subparagraph c of paragraph 1 of subsection C of Section 2004" is "a domestic or foreign corporation . . . partnership or other unincorporated association which is subject to suit under a common name." 12 O.S. § 2004(C)(1)(c)(3).

Courts in this district, interpreting language in 12 O.S. § 2004(C)(2)(c)[2] similar to that in section 2004.3(E), have concluded that "registered office" is not the same as the registered agent's office. Black v. Reliable Reports of Texas, Inc., Case No. CIV-05-1427-M, 2007 WL 2746926, at *3 (W.D. Okla. Sept. 20, 2007), Stillwater Medical Center Authority v. Winchester Global Trust Company Limited, Case No. CIV-19-954-G, 2020 WL 5823541, at *2 (W.D. Okla. Sept. 30, 2020) Rather, "registered office" refers to a corporation or limited liability company's address registered with the applicable governmental entity. Black, 2007 WL 2746926, at *3. This court agrees with the interpretation. The court therefore concludes that plaintiff cannot rely upon the presumption of section 2004.3 that the person who signed for the process was an employee authorized to receive certified

---

[2] Section 2004(C)(2)(c) provides in pertinent part:

> Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant. . . . In the case of an entity described in division (3) of subparagraph c of paragraph 1 of this subsection, acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed. A return receipt signed at such registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail.

12 O.S. § 2004(C)(2)(c).

mail.  With no evidence that the person who signed for the process at the registered agent's office was authorized to accept service, the court cannot conclude that Virtue was properly served prior to removal.[3]  Consequently, the court finds that Virtue's consent to removal was not required and no procedural defect in removal occurred.

III.

Accordingly, Plaintiff's Motion to Remand (doc. no. 10) is **DENIED**.

IT IS SO ORDERED this 20th day of November, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0958p003.docx

---

[3]  Plaintiff fails to advocate, and the record fails to support, that he substantially complied with § 2004.3 in serving the registered agent.  There is no showing of a signature by the addressee.  A signature on file is not sufficient.  *See*, Stillwater Medical Center Authority, 2020 WL 5823541, at *1 (illegible signature of individual who accepted service prevents court from determining that party substantially complied with service by mail).