IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEDRICK WILLIAMS, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-20-958-F |
| VIRTUE SITE SERVICES, LLC, a Nevada Limited Liability Company, R. INVESTMENTS, RLLP and 6600 NW 16th STREET PARTNERS LLC DBA R. INVESTMENTS, | ) |
| Defendants. | ) |

## **ORDER**

The court is in receipt of the Motion for Default Judgment Against Defendant Virtue Site Services LLC, filed by plaintiff, Sedrick Williams. Doc. no. 18. Upon review, the court finds that the motion must be denied.

The issue of proper service of process upon defendant, Virtue Site Services, LLC, was previously addressed by the court. In its November 20, 2020 order denying plaintiff's motion to remand, the court stated:

> With no evidence that the person who signed for the process at the registered agent's office was authorized to accept service, the court cannot conclude that [defendant, Virtue Site Services, LLC] was properly served prior to removal.

Doc. no. 15, p. 5.

Plaintiff, as grounds for his motion, relies upon the same attempted service of process on defendant's registered agent, Incorp. Services Inc., by United Parcel Service on August 27, 2020. However, the evidence in the record does not

demonstrate that the person who signed for the process at the registered agent's office was authorized to accept service. The court previously has concluded that plaintiff cannot rely upon the presumption in 12 O.S. § 2004.3(E). Therefore, plaintiff has not shown proper service of process upon defendant, Virtue Site Services, LLC.[1]

The 90-day deadline for service of process upon defendant, Virtue Site Services, LLC, will run on December 22, 2020. Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010) ("After the removal of an action from state court . . . the case will proceed as if it originally had been brought in federal court.") (quotation omitted); *see also*, Rule 4(m), Fed. R. Civ. P. (90 days as time limit for service). The court sua sponte grants plaintiff an extension of time until February 5, 2021 to obtain proper service of process upon defendant.

Accordingly, the Motion for Default Judgment Against Defendant Virtue Site Services LLC, filed by plaintiff, Sedrick Williams (doc. no. 18), is **DENIED**. Plaintiff is **GRANTED** an extension of time until February 5, 2021 to obtain proper service of process upon defendant, Virtue Site Services, LLC.

IT IS SO ORDERED this 14th day of December, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0958p004.docx

---

[1] Additionally, under Tenth Circuit authority, a party must seek entry of default by the court clerk before he can move the court for default judgment. *See*, Garrett v. Seymour, 217 Fed. Appx. 835, 838 (10th Cir. 2007) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). Although plaintiff filed an Affidavit as to Military Service (doc. no. 17) regarding defendant, it did not request that the court clerk enter default pursuant to Rule 55(a), Fed. R. Civ. P.